## Charlton's Ex'r v. Talbott, Auditor of Public Accounts.

(Decided June 23, 1933.)

MORRIS & JONES, JOHN FARMER, S. S. WILLIS and TRABUE, DOOLAN, HELM & HELM for appellant.

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case; the opinion rendered on the first one being reported in 247 Ky. 568, 57 S. W. (2d) 519. That opinion discloses the nature of the action, the questions involved, and our disposition of them. Upon the filing of the mandate from this court in the trial court, the judgment it rendered, and which we reversed, was set aside and held for naught; whereupon plaintiff and appellee here filed an amended petition in which no facts not contained in the original petition were relied on, but it corrected what counsel for plaintiff concluded were possibly material omissions from the original petition in order to specifically raise and present certain federal questions that would entitle them to a review of our opinion by the Supreme Court of the United States. Therefore the amended petition expressly averred that the collection from plaintiff of the involved tax, and the requirement of the involved statute that it should be paid in the manner it was done, were violative of the Federal Constitution in three particulars: (a) Of section 2 of article 4 of that instrument saying, "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States"; (b) of amendment 5 to that Constitution, saying that "No person shall be * * * deprived of life, liberty, or property, without due process of law"; and (c) of amendment 14, sec. 1, saying, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws."

The facts alleged in the original petition were sufficient to present such constitutional questions, but it did not so expressly allege, and, believing that it was necessary to do so for the Supreme Court to take jurisdiction of an appeal from our opinion, the amendment was filed. The trial court sustained defendant's demurrer filed thereto, and, upon plaintiff declining to plead further, judgment was rendered dismissing its petition, from which it prosecutes this appeal.

From what has been said already, we deem it un-

necessary to make an extended discussion. Indeed we gather from briefs of counsel that, if we are to adhere to our first opinion, then the amendment upon a return of the case to the trial court filled no other office nor had any other effect than what we have indicated. Since the enactment of section 162 of our Statutes, numerous cases have come before this court based upon its provisions and some of which found their way to the Supreme Court of the United States, and in none of them was the right of the commonwealth to enact and enforce it denied upon any of the constitutional grounds stated in the amended petition, save and except where the payment sought to be later recovered was under a statute so coercive in its terms as to make its collection legal duress and without any right in the payor, upon payment, to take any steps to save his right of recoupment if the tax was illegally exacted. In this case, as we pointed out in our former opinion, plaintiff had the right, upon paying the tax that he now seeks to recover, to preserve his right to later require its refund by making what we therein determined was an effective statutory protest, but which it failed to do. In such circumstances we do not conclude that any of the constitutional provisions referred to have been violated, and for which reason we conclude that the court did not err in sustaining the demurrer filed to the amended petition, and in dismissing it upon plaintiff declining to plead further.

Wherefore the judgment is affirmed.

The whole court sitting.